# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

June 21, 2019

**By the Court**

No. 19-2051

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, *et al.*, <br>     *Plaintiffs-Appellees*, <br><br> *v.* <br><br> CURTIS T. HILL, JR., Attorney General of Indiana, in his official capacity, *et al.*, <br>     *Defendants-Appellants*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:18-cv-01904-SEB-MJD <br><br> Sarah Evans Barker, <br> *Judge*. |

**O R D E R**

This case involves the constitutionality of the State of Indiana's licensing scheme governing so-called medical abortions—that is, abortions procured by taking the drugs mifepristone and misoprostol in pill form. On May 31, 2019, the district court entered a preliminary injunction against several provisions of the Indiana Code, which taken together describe the obligation of the state Department of Health to license abortion clinics, the penalty for the unlicensed operation of such clinics, and the necessity of a license. See Ind. Code §§ 16-21-2-2(4); 16-21-2-2.5(b); 16-21-2-10. The State asked the district court to stay its preliminary injunction, but on June 7 the district court denied its request. The State is now before this court, seeking the same relief pending the outcome of the case on the merits.

No. 19-2051                                                                                    Page  2

The court concludes that the injunction as written is overbroad, as it purports to deal with the operation of Indiana's licensing scheme as a whole. All abortion clinics—those providing medical abortions, surgical abortions, and both—are subject to this licensing scheme, and it applies state-wide. Yet the lawsuit brought by plaintiff Whole Woman's Health Alliance (WWHA) concerns only the clinic that WWHA wishes to open in South Bend, Indiana, and only the provision of medical abortions in that clinic. Pending the resolution of the state's motion, therefore, we are taking the immediate step of narrowing the injunction to one against only the inclusion of facilities that provide medical abortions, as provided by Ind. Code § 16-18-2-1.5(a)(2), and only with respect to the proposed clinic in South Bend. That responds to the state's valid argument that it has valid public health and safety interests in the operation of clinics that it must be permitted to pursue. As so narrowed, the district court's preliminary injunction will remain in effect pending the oral argument on this motion and the court's decision on the question whether to continue the modified preliminary injunction.

The court has also concluded that the questions presented by the preliminary injunction and the state's motion to lift that injunction would benefit from exploration at oral argument. We are therefore setting oral argument on the state's motion for July 11, 2019, at 2:00 p.m., in the Dirksen Federal Courthouse in Chicago. In addition to any other matters they choose to raise, the court invites the parties to address the following points:

- Whether the sort of information the state is demanding is excessive and not reasonably related to its licensing decision.
- Whether the distinction between the use of medication to induce abortions and the use of the identical medication to treat miscarriages violates either the Equal Protection clause or the Due Process Clause of the federal Constitution.
- Whether the state has any burden to justify measures that prohibit one method of abortion while leaving others available.

The parties are invited to submit supplementary memoranda addressing these questions in accordance with the following schedule:

- Defendants-appellants' opening memorandum is due on Thursday, June 27, 2019.

No. 19-2051                                                                          Page  3

- Plaintiffs-appellees' responsive memorandum is due on Wednesday, July 3, 2019.
- Defendants-appellants' reply memorandum is due on Monday, July 8, 2019.

SO ORDERED.