UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-01904-SEB-MJD |
| CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, et al. | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR CERTIFICATION
OF A DEFENDANT CLASS**

Now before the Court is Plaintiff's Motion for Certification of a Defendant Class, requesting that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, an order issue creating a class consisting of "all State of Indiana prosecuting attorneys with authority to prosecute misdemeanor and felony offenses, and thus with authority to prosecute violations of certain of the laws challenged" in this litigation. Dkt. 49 at 1. Plaintiffs further propose that the currently named defendant, Kenneth P. Cotter, St. Joseph County Prosecutor, be named as class representative. *Id.* Defendants oppose the Motion. Dkt 58.

Plaintiffs have challenged the constitutionality of five categories of Indiana laws, which are variously enforced through administrative, civil and criminal penalties, and professional discipline. Plaintiffs also challenge the constitutionality of certain statutes that subject abortion providers to criminal liability for violating specific abortion restrictions. Defendants enforce the challenged restrictions. Plaintiffs seek to enjoin them and, if the

1

class is permitted, all local prosecutors and their successors from enforcing the challenged criminal restrictions.

The only abortion clinic whose operations Plaintiffs have specifically sought to protect to date through this litigation is the clinic located in South Bend, Indiana (St. Joseph County), which has been the subject of a preliminary injunction issued by this court and sustained on appeal to the Seventh Circuit (*see Whole Woman's Health Alliance et al v. Hill*, No. 19-2051, 2019 WL 3949690, ___ F.3d ___ (7th Cir. Aug. 22, 2019)). The State has been enjoined either to treat Whole Woman's Health of South Bend as if it has a provisional license under 410 IND. ADMIN. CODE § 26-2, or actually to grant such a provisional license, to be effective until final judgment is issued on the merits, thereby allowing the clinic to provide care during the pendency of this case or until further order of the court.

There has been no showing in the Plaintiffs' Motion for Certification of a Defendant Class that every county in Indiana has a sufficient and direct interest in the issues raised in this litigation to warrant being made a party, either based on the existence of an operating abortion clinic or other such provider within its boundaries or based on any currently proposed or threatened legal action by any county prosecutor(s) beyond the St. Joseph County prosecutor, who is already before the court. Nor has there been a showing that all state prosecutors hold the same prosecutorial authority with respect to the challenged restrictions, beyond the St. Joseph County Prosecutor, and similarly there is no realistic prospect that Plaintiffs would sue or need to sue all ninety-one Indiana prosecutors in separate actions.

Further, there has been no argument or showing on the part of Plaintiffs that undermines or challenges the conclusions reached by the Court in its March 28, 2019, order

denying Plaintiffs' Motion to Dismiss, wherein we observed that the Attorney General's powers are sufficiently extensive with regard to Indiana criminal prosecutions to allow him to intervene and/or collaborate with, if necessary, the county prosecutors to discourage or curtail criminal prosecutions pursuant to the challenged statutes, should such action be required by the Court during the pendency of this litigation. We agree with Defendants in their response in opposition to the Motion: "[I]f Plaintiffs are successful in obtaining a declaratory judgment that the challenged statutes are unconstitutional and an injunction against defendant Cotter from enforcing these statutes, it is unreasonable to think any other prosecutor would claim authority to prosecute Plaintiffs under those statutes." Dkt. 58 at 6.

To add all 91 prosecutors to this case even as a class in an effort simply to fend off any possible prosecutions of plaintiffs during its pendency would unnecessarily encumber and significantly complicate the proceedings for no good and necessary reason. Thus, the Motion for Certification of a Defendant Class [Dkt. 48] is <u>DENIED</u> at this time. Should the situation change such that any particular county prosecutor(s) decide(s) to file or threaten(s) to file or does file a criminal prosecution against Plaintiffs during the pendency of this litigation, Plaintiffs' Motion can be renewed, and the ruling will be revisited by the court.

IT IS SO ORDERED.

Date: 9/24/2019

*SARAH EVANS BARKER, JUDGE*
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF