UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:18-cv-01904-SEB-MJD ) |
| CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR LEAVE TO SERVE SUBPOENAS**

This matter is before the Court on Plaintiffs' Motion for Leave to Serve Non-Party Document Subpoenas Outside Discovery Deadline [Dkt. 185]. Defendants object to the motion. For the reasons set forth below, the motion is **GRANTED**.

Discovery closed in this case on October 4, 2019. Plaintiffs served a timely subpoena on non-party Monroe County Clerk seeking certain documents. The Monroe County Clerk responded on September 16, 2019, that it did not possess the requested documents. Plaintiffs subsequently learned from the Monroe County Clerk's counsel that if the requested documents existed, they likely were kept by the Monroe County Court Administrator's Office and the Monroe County Juvenile Court. Similarly, Plaintiffs served a timely subpoena requesting documents from the Marion County Clerk, who responded on September 20, 2019, that it did not have any responsive documents because they would be kept by the Marion Superior Court Administrator. Plaintiffs now wish to serve subpoenas requesting the documents from those entities; they were required to seek leave to do so because the responses to those subpoenas

would be due after the discovery deadline. *See* [Dkt. 41 at 6] n.1] (absent leave of court and good cause, any discovery requests were to be served in sufficient time to receive responses before the discovery deadline).

Defendants object to Plaintiffs' request for leave, arguing:

> Plaintiffs' claims challenging Indiana's judicial bypass requirements have been present since Plaintiffs filed their Complaint on June 21, 2018 (ECF 1). Plaintiffs have known since that date—or at least since the Court approved the Case Management Plan on August 24, 2018 (ECF 41)—that they would need to secure documents to substantiate their claims related thereto. Instead, Plaintiffs waited until October 2, 2019—two days before the close of discovery—for the opportunity to serve three more requests for production to non-parties.

[Dkt. 191.] Were that, in fact, an accurate characterization of the situation, Defendants' argument might have some traction. The Court generally has little sympathy for litigants who fail to act diligently during the discovery period and then request an enlargement of the discovery deadline at the eleventh hour to serve additional discovery requests. However, in this case Plaintiffs did act diligently to seek the documents in question during the discovery period; they simply learned, a bit too late, that in some counties the records in question are not kept by the Clerk, but rather by another entity. In the absence of a showing that the Defendants will be prejudiced in any way by the delay, the Court finds good cause for the extension requested by Plaintiffs.

Defendants attempt to show prejudice by objecting that the document requests are disproportional to the needs of the case and asserting that "[w]aiting until the end of discovery to make these requests is burdensome on Defendants and continues to delay disposition of this case." [Dkt. 191 at 2.] However, Defendants fail to explain how serving these non-party subpoenas "at a much earlier stage," *id.* at 3, would have been proportional but serving them now

2

would not be.  To the extent that Defendants raise the issue of the burden on the non-parties, that is an objection for the non-parties to assert, not Defendants.

> "A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself. . . ." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2035 (3d ed. 2014). Additionally, "[a] party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party. Rather, the moving party must assert some right or privilege personal to it." US Bank Nat'l Ass'n v. PHL Variable Ins. Co., 2012 U.S. Dist. LEXIS 158448, at *5, 2012 WL 7655883 (S.D.N.Y. Nov. 5, 2012) (citations omitted).

Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc., 2016 WL 1627599, at *4 (S.D. Ind. Apr. 19, 2016).

The Plaintiffs' motion [Dkt. 185] is **GRANTED**.  Plaintiffs are granted leave to serve non-parties Monroe County Court Administrator, Monroe County Juvenile Court, and Marion County Juvenile Court with the non-party subpoenas attached to their motion.  No other deadlines in the approved Case Management Plan as amended [Dkts. 41, 88 & 131] are affected by this order.

SO ORDERED.

Dated:  8 OCT 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.