UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01904-SEB-MJD |
| | ) | |
| CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO RECEIVE DISCOVERY RESPONSES**

This matter is before the Court on Plaintiffs' Motion for Leave to Receive Non-Party Written Discovery Responses Outside Discovery Deadline [Dkt. 192]. Defendants object to the motion. For the reasons set forth below, the motion is **DENIED AS UNNECESSARY**.

This motion is a bit unusual. As the title suggests, it relates to outstanding non-party document requests to which Plaintiffs did not receive responses prior to the close of discovery in this case, which was October 4, 2019. Parties obviously do not control the alacrity with which nonparties respond to their subpoenas; unfortunately, it is not uncommon for nonparties to take longer than requested to respond. Parties do, however, control when they serve the subpoenas and the response date they give; Federal Rule of Civil Procedure 45 requires only that the time given for compliance is "reasonable." The case management plan governs when discovery requests are served vis-à-vis the discovery deadline, not when the responses ultimately are received. [*See* Dkt. 41 at 6 n.1] (absent leave of court and good cause, any discovery requests are to be served in sufficient time to receive responses before the discovery deadline).

It is not clear from Plaintiffs' motion or Defendants' response whether the case management plan's requirement was satisfied. Plaintiffs served the nonparty subpoenas at issue on Defendants on October 4, 2018, which was thirty days prior to the discovery deadline. Pursuant to Local Rule 45-1, "[i]f a subpoena to produce or permit is to be served upon a nonparty, a copy of the proposed subpoena must be served on all other parties at least 7 days prior to service of the subpoena on the nonparty, unless the parties agree to a different time frame or the case management plan provides otherwise." Defendants refused to waive the seven-day notice period, so Plaintiffs served the subpoenas on the nonparties on September 11, 2019. If the response date on the subpoenas was on or before October 4, 2019, Plaintiffs were in compliance with the case management plan and, absent a showing that 21 days was not a reasonable response deadline, also in compliance with Federal Rule of Civil Procedure 45. If the response date on the subpoenas was later than October 4, 2019, Plaintiffs should have sought leave of court before serving them. Even if that is the case, however, Defendants did not object to the subpoenas as untimely at the time—that is, after all, what the purpose of the seven-day notice period was—and therefore have forfeited the opportunity to do so.

Defendants also object that the document requests are disproportionate to the needs of the case and unduly burdensome to the non-parties. With regard to the former, that argument should have been made when Defendants were given notice of the subpoenas. With regard to the latter, that is an objection for the non-parties to assert, not Defendants. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2016 WL 1627599, at *4 (S.D. Ind. Apr. 19, 2016) ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself. . . ." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2035 (3d ed. 2014). Additionally, "[a] party lacks standing to challenge, on grounds

of relevance or burden, a subpoena served on a non-party. Rather, the moving party must assert some right or privilege personal to it." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 U.S. Dist. LEXIS 158448, at \*5, 2012 WL 7655883 (S.D.N.Y. Nov. 5, 2012) (citations omitted)).

For the reasons set forth above, Plaintiffs' motion [Dkt. 192] is **DENIED** because it was unnecessary. Because the non-party subpoenas either were timely served or were not subject to a timely objection, the subpoenas are valid and Plaintiffs are entitled to receive (and use) the responses to their non-party subpoenas, even though the discovery deadline has passed.

SO ORDERED.

Dated: 8 OCT 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.