UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:18-cv-01904-SEB-MJD ) |
| CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on Non-Party Marion Superior Court's ("MSC") motion to quash. [Dkt. 210.] For the reasons set forth below, the motion is **DENIED**.

The instant motion relates to two requests contained in a non-party subpoena issued by Plaintiff to MSC. The requests seek the following information:

> Documents sufficient to identify: (i) the number of petitions filed in Marion County, Indiana, under I.C. 16-34-2-4, (ii) the disposition of those petitions, (iii) whether the petitioner was represented by counsel, (iv) the length of time that elapsed between the filing of the petition and the disposition of the petition, and (v) the age of the petitioner.
>
> Documents sufficient to identify: (i) the number of petitions filed in Marion County, Indiana, under Indiana Code § 16-34-2-4 by minors subject to Indiana Code § 16-34-1-10, (ii) the disposition of those petitions, (iii) whether the petitioner was represented by counsel, (iv) the length of time that elapsed between the filing of the petition and the disposition of the petition, and (v) the age of the petitioner.

[Dkt. 210-1 at 6-7 (hereinafter "the Requests").] MSC moves to quash the Requests pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii) because it believes they seek information that is protected from disclosure pursuant to state law. Specifically, MSC argues that Ind. Code § 16-34-2-4(h), which provides that "[a]ll records of the juvenile court and of the supreme court or the

court of appeals that are made as a result of proceedings conducted under this section [Ind. Code § 16-34-2-4] are confidential," prohibits it from providing the information sought in the Requests.

It is not entirely clear that Ind. Code § 16-34-2-4(h) applies to the information sought in the Requests or, specifically, to the spreadsheet MSC has identified as responsive to the Requests.[1] While in a very technical sense the spreadsheet could be considered a record that was "made as a result" of the court proceedings to which it relates, that is a somewhat tortured reading of the language of the statute. Assuming that the statute applies, however, the Court finds that Indiana law does not prohibit court-ordered disclosure of the spreadsheet. Rather, Indiana Code § 5-14-3-4(a) specifically provides that public records "declared confidential by state statute" "may not be disclosed by a public agency, **unless access to the records** . . . **is ordered by a court under the rules of discovery**." Ind. Code § 5-14-3-4(a) (emphasis added).[2] The Court finds that such an order is appropriate in this case. The anonymized information contained in the spreadsheet is not information that the confidentiality provision of the statute is intended to protect. Plaintiffs do not seek any identifying information regarding the proceedings to which the spreadsheet relates; rather, they seek statistical information about the proceedings as a whole. Permitting this information to be released to Plaintiffs will not violate the privacy of any of the participants in the proceedings and therefore does not run afoul of the confidentiality statute's purpose.

---

[1] Although the spreadsheet does not contain all of the information sought in the Requests, it appears from the parties' briefs that only the spreadsheet is at issue in the instant motion.
[2] MSC further argues that Indiana Administrative Rule 9 supports its position that the spreadsheet may not be produced. However, Rule 9 expressly states that it was enacted pursuant to Indiana Code § 5-14-3-4(a)(8), which is subject to the same court-order exception.

For the reasons set forth above, MSC's motion to quash [Dkt. 210] is **DENIED** and MSC is **ORDERED** to produce the spreadsheet it has identified as responsive to the Requests to Plaintiffs **within seven days of the date of this Order**. MSC shall redact from the spreadsheet all identifying information, including any names and cause numbers.

SO ORDERED.

Dated: 18 NOV 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.