UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, ALL-OPTIONS, INC., JEFFREY GLAZER M.D., <br><br> Plaintiffs, <br><br> v. <br><br> CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, KRISTINA BOX Commissioner of the Indiana State Department of Health, in her official capacity, JOHN STROBEL M.D., President of the Indiana Medical Licensing Board of Indiana, in his official capacity, KENNETH P. COTTER St. Joseph County Prosecutor, in his official capacity and as representative of a class of all Indiana prosecuting attorneys with authority to prosecute felony and misdemeanor offenses, <br><br> Defendants. <br><br> INDIANA DEPARTMENT OF CORRECTION, Marion Superior Court, <br><br> Interested Parties. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:18-cv-01904-SEB-MJD |

**ORDER OVERRULING NON-PARTY'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO QUASH**

This matter comes before the Court on Non-Party Marion Superior Court's

("MCS") Objection to the Magistrate Judge's November 18, 2019 Order denying the

Non-Party's Motion to Quash [Dkt. 229]. MCS argues that the Magistrate Judge's denial

1

of its motion is clearly erroneous and contrary to law pursuant to Indiana Code § 16-34-2-4(h). For the reasons detailed below, MCS's Objection is **OVERRULED**.

## Background

On November 4, 2019, MCS moved to quash two requests contained in a non-party subpoena issued by Plaintiffs, pursuant to Federal Rule of Civil Procedure 45(d)(3)(a)(iii).[1] [Dkt. 213]. The requests sought compiled information concerning cases in which minors sought judicial bypass of Indiana's requirement that minors secure the written consent of a parent or guardian before obtaining an abortion. Plaintiffs specifically requested the following information:

> Documents sufficient to identify: (i) the number of petitions filed in Marion County, Indiana, under I.C. 16-34-2-4, (ii) the disposition of those petitions, (iii) whether the petitioner was represented by counsel, (iv) the length of time that elapsed between the filing of the petition and the disposition of the petition, and (v) the age of the petitioner.

> Documents sufficient to identify: (i) the number of petitions filed in Marion County, Indiana, under Indiana Code § 16-34-2-4 by minors subject to Indiana Code § 16-34-1-10, (ii) the disposition of those petitions, (iii) whether the petitioner was represented by counsel, (iv) the length of time that elapsed between the filing of the petition and the disposition of the petition, and (v) the age of the petitioner.

Plaintiffs confirmed that they were seeking only compiled informational records and not actual court files, which they concede are protected by Indiana Code § 16-34-2-4(h). Plaintiffs also verified that any identifying information contained in the requested documents should be redacted to protect the minors' privacy. MCS indicated that it

---

[1] Federal Rule of Civil Procedure 45(d)(3)(a)(iii) obligates the district court to quash a subpoena that "requires disclosure of privileged or other matter, if no exception or waiver applies."

possessed a spreadsheet of compiled data responsive to Plaintiffs' requests.[2] Nonetheless, MCS asserted that it was prohibited from disclosing the spreadsheet pursuant to Indiana Code § 16-34-2-4(h), which provides that "[a]ll records of the juvenile court and of the supreme court or the court of appeals that are made as a result of [judicial bypass] proceedings . . . are confidential." Neither "records" nor "result of proceedings" are defined. MCS argued that the spreadsheet contained information compiled "as a consequence of court proceedings" conducted under Indiana Code § 16-34-2-4, and thus the spreadsheet qualified as a confidential record prohibited from disclosure. MCS invoked Administrate Rule 9 of the Indiana Court Rules, which provides that "compiled information" is "information that is derived from . . . court record[s]," as further support.

Plaintiffs disagreed with MCS's statutory interpretation, countering that § 16-34-2-4(h) was intended to protect the "identity and privacy of a minor seeking judicial bypass," not "bulk data . . . stripped of any identifying details." Invoking Indiana Code § 31-39-1-1, which governs the confidential of nearly all juvenile records except those covered by § 16-34-2-4(h), Plaintiffs asserted that "records . . . made as a result of proceedings" can reasonably be read as including "chronological case summaries, index entries, summonses, warrants, petitions, orders, motions, and decrees." MCS rejected Plaintiffs' invocation of § 31-39-1-1, noting that this general statute expressly does not apply to § 16-34-2-4(h).

---

[2] We note that the record indicates that MCS had the disputed spreadsheet in its possession prior to Plaintiffs' subpoena, and thus it does not appear that MCS would face any undue burden in compiling the requested information (an argument MCS has not raised). [Dkt. 221, at 2].

3

On MCS's Motion to Quash, Magistrate Judge Dinsmore observed that:

It is not entirely clear that Ind. Code § 16-34-2-4(h) applies to the information sought in the Requests or, specifically, to the spreadsheet MSC has identified as responsive to the Requests. While in a very technical sense the spreadsheet could be considered a record that was "made as a result" of the court proceedings to which it relates, that is a somewhat tortured reading of the language of the statute.

[Dkt. 225, at 2]. Assuming that the statute did apply, Magistrate Judge Dinsmore held that Indiana law did not prohibit court-ordered disclosure of the spreadsheet. He specifically relied on a provision in Indiana's Access to Public Records Act ("APRA"), Indiana Code § 5-14-3-4(a), which states that public records "declared confidential by state statute" "may not be disclosed by a public agency, unless access to the records . . . is ordered by a court under the rules of discovery." Because Plaintiffs only sought statistical, anonymized information, Magistrate Judge Dinsmore concluded that the purpose of Indiana Code § 16-34-2-4(h) would not be subverted by an order compelling MSC to produce the spreadsheet. Accordingly, he ordered production of the spreadsheet, stricken of any identifying information. [*Id.* at 3].

On December 2, 2019, MSC timely objected to Magistrate Judge Dinsmore's ruling. [Dkt. 229].

## **Standard of Review**

Rule 72(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Brown v. Plata*, 563 U.S. 493, 513 (2011). This is an "extremely deferential

standard." *Elder Care Providers of Indiana, Inc. v. Home Instead, Inc.*, No. 1:14-CV-01894-SEB-MJD, 2017 WL 4250107, at *2 (S.D. Ind. Sept. 26, 2017); *see also Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

## **Analysis**

MCS argues that Magistrate Judge Dinsmore committed clear error when he held that APRA provides an exception to § 16-34-2-4(h), contending that APRA is "plainly inapplicable." According to MCS, APRA permits members of the public to inspect and copy a public agency's records; it is not a tool used by litigants during discovery. The irrelevancy of APRA is evidenced by the fact that Plaintiffs never even invoked it in their opposition to MCS's Motion to Quash, argues MCS.

And, in the event the APRA was properly invoked, MCS objects to Magistrate Judge Dinsmore's application thereof. According to MCS, the provision of APRA on which Judge Dinsmore relied does not create an independent basis for a court to order the discovery of otherwise protected materials. Rather, this provision permits a court to order disclosure when the rules of discovery so allow. [Dkt. 229, at 16] (*citing Bd. Of Trustees of Pub. Employees' Ret. Fund of Ind. v. Morley*, 580 N.E. 2d 371, 374 (Ind. Ct. App. 1991). Thus, says MSC, Judge Dinsmore should have evaluated whether the spreadsheet was discoverable pursuant to the Federal Rules of Civil Procedure in order to invoke Indiana Code § 5-14-3-4(a)—bringing the issue full circle to the parties' initial inquiry of whether the spreadsheet is prohibited from disclosure pursuant to § 16-34-2-4(h). Accordingly, MCS contends that the question persists as to whether the spreadsheet is protected under Indiana Code § 16-34-2-4(h).

Upon careful review, we hold that Magistrate Judge Dinsmore's decision to deny MCS's Motion to Quash was not clearly erroneous or contrary to law, regardless of whether APRA was misapplied as MCS contests.

In its objection to Magistrate Judge Dinsmore's order, MCS continues its statutory analysis of § 16-34-2-4(h). To show the heightened protection afforded to records governed by this statute, MCS now compares § 16-34-2-4(h) with the general juvenile records confidentiality statute, Indiana Code § 31-39-1-1. As MCS explains, the latter statute provides several exceptions to the general rule that juvenile records are confidential and inaccessible. For example:

> [T]he juvenile court must grant access to a person involved "in a legitimate research activity" if the person demonstrates, among other things, "the safeguards the person will take to protect the identity of the person whose records the researcher will review;" that "the proposed safeguards are adequate to protect the identity of each person whose records the researcher will review;" and there is an agreement between the court and researcher specifying the terms of the researcher's use of the records. Ind. Code § 31-39-2-11(1)(D), -11(2), -11(4).

[Dkt. 229, at 2]. As MCS correctly notes, there are no such exceptions to § 16-34-2-4(a), and the general confidentiality statute expressly states that it does not apply to judicial bypass proceedings for minors seeking abortions without parental consent. Ind. Code. § 31-39-1-1(a)(2). We thus do not disagree with MCS's assertions that the confidentiality of all "records . . . made as a result of [judicial bypass] proceedings" must be protected without exception. However, we are not persuaded that the spreadsheet clearly falls within the term "records" as used in this statute. As Magistrate Judge Dinsmore observed, MCS's averment that the spreadsheet—containing only anonymized, statistical information and completely vacant of any identifying details about the

6

underlying case proceedings—qualified as a "record that was 'made as a result' of the court proceedings" was "somewhat of a tortured reading of the language of the statute." [Dkt. 225, at 2].

Both MCS and Plaintiffs acknowledge that the purpose of the disputed statute is to ensure that judicial bypass proceedings are "completed with anonymity." [Dkt. 221, at 3; Dkt. 229, at 3-4] (*quoting Bellotti v. Baird*, 443 U.S. 622, 644 (1979). While the phrase found in the disputed statutory provision ("records . . . made as a result of [judicial bypass] court proceedings") was left undefined, Plaintiffs' reading of this provision to encompass records made in the course of judicial bypass proceedings, such as the types of records delineated in the general juvenile confidentiality statute, is consistent with the statute's purpose. It is true that the provisions of the general confidentiality statute do not extend to § 16-34-2-4, but MCS's objection shows that the sections are largely distinguishable by the omission of exceptions in § 16-34-2-4; the statute simply does not reflect an intent on behalf of the legislature to broaden what is deemed a record emanating from a proceeding to include the anonymous data requested here by Plaintiffs. This interpretation aligns with Judge Dinsmore's conclusion:

> The anonymized information contained in the spreadsheet is not information that the confidentiality provision of the statute is intended to protect. Plaintiffs do not seek any identifying information regarding the proceedings to which the spreadsheet relates; rather, they seek statistical information about the proceedings as a whole. Permitting this information to be released to Plaintiffs will not violate the privacy of the participants in the proceedings and therefore does not run afoul of the confidentiality statute's purpose.

[Dkt. 225, at 2]. Disclosure of the spreadsheet would not frustrate the ability of Indiana courts to ensure that judicial bypass proceedings are "completed with

anonymity." Magistrate Judge Dinsmore reasonably inferred that § 16-34-2-4(h) does not protect documents such as the spreadsheet. Consequently, we are left without a "definite and firm conviction" that a mistake was committed when Magistrate Judge Dinsmore compelled discovery of the spreadsheet.[3]

Finally, we reject MCS's request that we certify this issue to the Indiana Supreme Court. Certification is appropriate only when a question is "outcome determinative of the case." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001). MCS expressly concedes that the question here is not "outcome determinative of the entire case." But, MSC states, "it is determinative of this particular discovery dispute" and argues that we are not precluded from certifying a question that, while "not determinative of the entire case, is determinative of a particular dispute between the parties." [Dkt. 237, at 8] (*citing Robertson v. Med. Assur. Co.*, No. 2:13-CV-107 JD, 2014 WL 2557236, at *6 (N.D. Ind. June 5, 2014), *certified question accepted*, 11 N.E.3d 913 (Ind. 2014). The case cited as support for MCS's argument, however, is clearly distinguishable. In *Robertson,* the Northern District of Indiana court certified a question that would have disposed of an entire claim, even though another claim remained. Here, no claims would be disposed of through certification, and MCS has cited no case where a court granted

---

[3] MCS also asserts that Magistrate Dinsmore's ruling will set a dangerous precedent that permits parties to seek so much information about a pregnant minor (such as information about her school, her town, whether she is in foster care, and more) that her identity will become discoverable. We are unpersuaded by this "parade of horribles," which "bears no resemblance" to the information requested here. The production of the spreadsheet in this case will not prevent other courts from quashing discovery requests, such as those ones described by MCS, where a particular request may infringe on a minor's privacy.

8

certification for a question that would impact an isolated discovery dispute. Accordingly, we deny MCS's request for certification of this issue to the Indiana Supreme Court.

## **CONCLUSION**

Non-Party Marion Superior Court's Objection to the Magistrate Judge's Order on Motion to Quash is **OVERRULED**. The request to certify the question of whether Indiana Code § 16-34-4-2(h) protects the spreadsheet is **DENIED.**

Date: 1/22/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amanda Lauren Allen
sLAWYERING PROJECT
aallen@lawyeringproject.org

Christopher Michael Anderson
INDIANA ATTORNEY GENERAL
christopher.anderson@atg.in.gov

David Patrick Brown
LAWYERING PROJECT
dbrown@lawyeringproject.org

Athanasia Charmani
SKADDEN ARPS SLATE MEAGHER & FLOM
thania.charmani@skadden.com

Paul M. Eckles
ATTORNEY AT LAW
paul.eckles@probonolaw.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

James A. Heilpern
SCHAERR JAFFE LLP
jheilpern@schaerr-jaffe.com

Bradley H. Honigman
ATTORNEY AT LAW
bradley.honigman@probonolaw.com

Michelle Honor
ATTORNEY AT LAW
michelle.honor@probonolaw.com

Kian J. Hudson
INDIANA ATTORNEY GENERAL
kian.hudson@atg.in.gov

Kathrine D. Jack
LAW OFFICE OF KATHRINE JACK
kjack@jacklawoffice.com

Erik S. Jaffe
SCHAERR JAFFE LLP
ejaffe@schaerr-jaffe.com

Mollie M. Kornreich
mollie.kornreich@probonolaw.com

Jennifer Elizabeth Lemmon
INDIANA ATTORNEY GENERAL
jennifer.lemmon@atg.in.gov

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Diana Lynn Moers Davis
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov

Derek R. Molter
ICE MILLER LLP (Indianapolis)
derek.molter@icemiller.com

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Morgan Petkovich
ATTORNEY AT LAW
Four Times Square, Fl 34
New York, NY 10036

Michael Leo Pomeranz
ATTORNEY AT LAW
michael.pomeranz@probonolaw.com

Michael M. Powell
ATTORNEY AT LAW

michael.powell@probonolaw.com

Joshua J. Prince
SCHAERR JAFFE LLP
jprince@schaerr-jaffe.com

Juanluis Rodriguez
LAWYERING PROJECT
prodriguez@lawyeringproject.org

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Gene C. Schaerr
SCHAERR JAFFE LLP
gschaerr@schaerr-jaffe.com

Stephen S. Schwartz
SCHAERR JAFFE LLP
sschwartz@schaerr-jaffe.com

Rupali Sharma
LAWYERING PROJECT
rsharma@lawyeringproject.org

Erin A. Simmons
ATTORNEY AT LAW
erin.simmons@probonolaw.com

Dipti Singh
LAWYERING PROJECT
dsingh@lawyeringproject.org

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov

Stephanie Toti
LAWYERING PROJECT
stoti@lawyeringproject.org