UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, ALL-OPTIONS, INC., JEFFREY GLAZER M.D., <br><br> Plaintiffs, <br><br> v. <br><br> CURTIS T. HILL, JR. Attorney General of the State of Indiana, in his official capacity, KRISTINA BOX Commissioner of the Indiana State Department of Health, in her official capacity, JOHN STROBEL M.D., President of the Indiana Medical Licensing Board of Indiana, in his official capacity, KENNETH P. COTTER St. Joseph County Prosecutor, in his official capacity and as representative of a class of all Indiana prosecuting attorneys with authority to prosecute felony and misdemeanor offenses, <br><br> Defendants. | No. 1:18-cv-01904-SEB-MJD |

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

On May 31, 2019, our Court issued a preliminary injunction permitting Plaintiff Whole Woman's Health Alliance ("WWHA") with respect to the South Bend Clinic to provide medication abortions without obtaining a license from the state of Indiana. [Dkt. 116]. On September 27, 2019, the Seventh Circuit affirmed the preliminary injunction with modifications. Pursuant to the Seventh Circuit's Mandate, we modified our preliminary injunction utilizing the Seventh's Circuit's recommended language on October 1, 2019. [Dkt. 186]. On December 9, 2019, Defendants filed a petition for writ of

1

certiorari to the Supreme Court seeking review of the preliminary injunction. Following Plaintiffs' formal waiver of any response to the petition, the Supreme Court, on January 21, 2020, requested that Plaintiffs file a response by February 20, 2020.

In the interim, on November 6-7, 2019, the Indiana State Department of Health (the "Department") inspected the South Bend clinic in accordance with the terms of the modified preliminary injunction. On December 20, 2019, the Department sent WWHA a Statement of Deficiencies setting out the rules with which the South Bend clinic was found to be non-compliant. On January 3, 2020, WWHA transmitted to the Department its proposed Plan of Correction to remedy the reported deficiencies.

On January 31, 2020, Plaintiffs moved for leave to supplement the record with the Statement of Deficiencies and Plan of Correction so that they "can cite the Statement of Deficiencies and Plan of Correction in their brief in opposition" to Defendants' petition for writ of certiorari. Plaintiffs argue that the record should be supplemented to "aid the Supreme Court in evaluating [Defendants'] claim" that the preliminary injunction compromises the state's authority to inspect and regulate abortion clinics. Relying on Federal Rule of Appellate Procedure 10(e),[1] which allows for the appellate record to be modified when materials are mistakenly omitted from or misstated in the record, Defendants oppose Plaintiffs' request. According to Defendants, while Rule 10(e) allows modifications to the record "to ensure[] that the record reflects what really happened in the district court," it does not enable the parties to add new materials to the record. [Dkt.

---

[1] Requests to supplement the appellate record may be made to the district court. FED. R. APP. P. 10(e)(2)(B).

257, at 4] (*quoting Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 964).

We agree with Defendants that the purpose of Rule 10(e) is clear: the appellate record should reflect the proceedings that led the court to issue its contested ruling, and motions to supplement should be granted only as necessary to effectuate this purpose. *Midwest Fence Corp. v. United States Dep't of Transp.*, 840 F.3d 932, 946 (7th Cir. 2016) ("As a general rule, we will not consider evidence on appeal that was not before the district court when it rendered its decision."); *Shasteen v. Saver*, 252 F.3d 929, 935 (7th Cir. 2001) (The purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from[.]"); *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001) ("The purpose of Rule 10(e) is to . . . allow[] us to review the decision that the trial court made in light of the information that was actually before it[.]"). Plaintiffs do not dispute that Defendants' petition for writ of certiorari only concerns our preliminary injunction as affirmed by the Seventh Circuit; the Statement of Deficiencies and Plan of Correction, both issued after the issuance of the modified preliminary injunction, clearly do not reflect record evidence that led to this ruling.

Nonetheless, Plaintiffs argue Rule 10(e) is "inapposite" because they are not claiming an error or omission has occurred. Instead, they are seeking to supplement the record with "relevant documents that did not exist" when we issued the preliminary injunction. Plaintiffs cite no legal authority for the argument that Rule 10(e) is

3

inapplicable,[2] nor do they address how their request can coincide with this rule's purpose as stated by the Seventh Circuit. Plaintiffs also do not provide any legal authorities permitting the record to be supplemented with post-ruling materials simply because the materials bear relevance to disputed issues. Although there is a dearth of case law on this precise issue (perhaps because Plaintiffs' contention is plainly in contravention of the Seventh Circuit's directive with respect to supplementing the record), at least one district court in our Circuit confronted with this question concluded, consistent with Rule 10(e), that the appellate record could not be supplemented with materials that "post-dated the order from which the appeal is taken," even if those materials "speak with importan[t] relevance." *In re Andy Frain Servs., Inc.*, 1986 WL 1011, at *1 (N.D. Ill. Jan. 7, 1986).

Finally, Plaintiffs do not seek to have these materials submitted to this Court so that they may serve an evidentiary purpose for any question currently before us, and they provide no reason why our record would be supplemented if not for such a purpose.[3]

---

[2] Indeed, the Seventh Circuit frequently interprets Rule 10(e) as governing motions seeking to supplement the record for reasons other than omission or misstatement (such as the submission of evidence previously available but nonetheless not presented to the district court). It does not apply some other, unidentified standard to such requests as Plaintiffs suggests is appropriate. *See Jones v. Nelson*, 729 Fed. App'x 467, 470 (7th Cir. 2018); *Midwest*, 840 F.2d at 937. The only reasonable inference we can draw from the Seventh Circuit's application of Rule 10(e) in these settings is that it believes the appellate record should be supplemented *solely* for the reasons delineated in Rule 10(e). Consequently, we do not view the fact that Plaintiffs are requesting to supplement the record for a reason not stated in Rule 10(e) as favorable to their motion.

[3] While it is true, as Plaintiffs argue, that the Seventh Circuit anticipated that this case's record would evolve as the parties continued to examine Indiana's licensing processes, specifically recognizing that we "may need to modify the preliminary injunction further" "depending on later developments in the records," we do not find this directive applicable here where neither party is seeking to revisit the terms of the preliminary injunction in our Court. *Whole Woman's Health All. v. Hill*, 937 F.3d 864, 879-880 (7th Cir. 2019). We also reject Plaintiffs' argument that our record should be supplemented because the materials could "aid" in our adjudication of the pending summary judgment motion, which is now fully briefed. If Plaintiffs would like us to

For the reasons set forth herein, Plaintiffs' Motion for Leave to Supplement the Record [Dkt. 249] is **denied.**

IT IS SO ORDERED.

Date: 2/13/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF

---

consider these materials in our summary judgment review, they should seek leave to designate them as supplemental evidence. *See Barter v. AT&T, Inc.*, 2019 WL 483648, at *1 (S.D. Ind. Feb. 7, 2019); Local Rule 56-1(e), (h).