UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01904-SEB-MJD |
| | ) | |
| CURTIS T. HILL, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO SUPPLEMENT EXPERT DISCLOSURE**

This matter is before the Court on Defendants' Motion to Amend/Correct Expert Disclosures. [Dkt. 296.] For the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Plaintiffs—comprised of abortion providers and nonprofit intermediaries—challenge a broad array of Indiana's statutory and regulatory restrictions on providing and obtaining abortions as infringing upon the freedom from state-required motherhood. *See Roe v. Wade,* 410 U.S. 113, 152–53 (1973).

The Court entered a Case Management Plan on August 24, 2018, which included deadlines related to discovery and expert witnesses. [Dkt. 41]. Roughly a year later, on August 26, 2019, Defendants timely served the expert report of Dr. James Studnicki [Dkt. 296-2]. *See* [Dkt. 88 at 2.] On September 23, 2019, Plaintiffs' expert, Dr. Heidi Moseson, submitted a rebuttal report

responding to Dr. Studnicki's report. [Dkt. 298-1.] Specifically, Dr. Moseson's report focused on alleged methodological problems underlying Dr. Studnicki's conclusions. *Id.* Of particular importance to the instant motion:

> Dr. Moseson explained that while Dr. Studnicki purported to plot the Indiana abortion residence rate as reported by the CDC's annual Abortion Surveillance reports published "between **1990** and 2015," "the CDC Abortion Surveillance reports did not report abortion rates by state of residence until 1997.". . . Dr. Moseson stated that from 1990 to 1996, Dr. Studnicki appeared to plot the abortion rate based on state of occurrence (not residence, as he claimed in his report) and from 1997 to 2015, by state of residence.

[Dkt. 298-2] (emphasis in original). Plaintiffs deposed Dr. Studnicki on October 3, 2019. *Id.* Discovery closed on October 4, 2019. [Dkt. 41 at 7.]

Importantly, neither Dr. Moseson's report nor Plaintiffs' deposition of Dr. Studnicki made any reference to the fact that Dr. Studnicki's report contained inaccurate enactment dates for Indiana statutes at issue in this case. Dr. Studnicki's original analysis assumed that the challenged laws were all enacted in 1993 or later in making the conclusion that "Indiana's position as a low-volume low-rate abortion state has been consistent for 25 years, long preceding the passage of any of the contested laws." [Dkt. 274 at 16-17.] That assumption was incorrect; in fact, "the Physician-Only law, the Hospital/ASC requirement, the Reporting requirement, and the criminal penalty provisions were enacted in 1973 and the parent involvement laws were enacted in 1984." [Dkt. 296 at 6.] (quotations omitted).

Plaintiffs alerted the Court and Defendants of Dr. Studnicki's use of the wrong enactment dates for the challenged statues in their Surreply in Opposition to Summary Judgment brief (filed January 16, 2020), [Dkt. 245 at 3-4], and a Motion to Exclude Testimony (filed March 9, 2020), [Dkt. 274 at 16-20]. In response, on March 23, 2020, Defendants filed a Response in Opposition to the Motion to Exclude Testimony asserting that they were "in the process of addressing

amendments" to Dr. Studnicki's report and would "seek leave to amend in due course." [Dkt. 277 at 23.] Unfortunately, Defendants took another six months to seek leave to submit an amended expert report. [Dkt. 213, 296.]

The stated purpose of the supplemental report is to 1) fix typographical errors and provide greater clarity than Dr. Studnicki's original report; 2) provide a new analysis based on the proper enactment dates of statutes; 3) substitute a different comparison between national and Indiana abortion data, thereby correcting an error in the expert's original analysis in Table 1: "CDC Abortion Surveillance Report Data for Indiana and Reporting States;" and 4) supplement the disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v). *Id. at* 5-7. Ultimately, despite the supplementation of information, the new report reflects the same overall conclusion. *Id.* at 7.

Due to the untimeliness of their request to submit the amended report,—which came eleven months after Defendants moved for summary judgment—Judge Sarah Evans Barker declined to consider the new expert report in ruling on the summary judgment motion, stating:

> To the extent the State wishes to amend its evidence for our consideration in conjunction with its summary judgment motion, that request is denied. We are informed that this error was first brought to the State's attention in Plaintiffs' surreply, filed on January 16, 2020. We will not grant the State's dilatory request, however, which would clearly be prejudicial to Plaintiffs who, like the Court, have committed substantial time and resources addressing the specific evidence proffered by the State in their motion for summary judgment. We refrain at this time from deciding whether the State may introduce an amended expert report at trial.

[Dkt. 297 at 87 n. 38.] That issue is now before the Court.

## II. DISCUSSION

Plaintiffs advance several arguments in support of their contention that Defendants should not be permitted to supplement Dr. Studnicki's report. The Court address each argument, in turn, below.

### A. Supplemental vs. New Report

Plaintiffs argue that Defendants' supplemental report is not "supplemental" at all, but rather an entirely new report. The Court agrees in part with Plaintiffs.

"The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *In Re Ready-Mixed Concrete Antitrust Litigation*, 261 F.R.D. 154, 159 (S.D. Ind. 2009) (citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir.1998)). "[A]lthough Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Allgood v. General Motors Corp.*, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007) (quoting *Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003)); *see also* *Welch v. Eli Lilly & Co.*, 2009 WL 700199, at *4 (S.D. Ind. Mar. 16, 2009) (stating that Rule 26(e) is not "a license to disregard discovery deadlines and offer new opinions under the guise of the supplement label") (citation omitted).

Here, Defendants' correction to the enactment dates of several Indiana abortion related statues and the corresponding analysis using the **same methodology** found in the original report is a proper supplementation. It is not an attempt to provide a completely new or alternative argument on a different substantive issue. *Compare* *Amari v. C.R. England, Inc.*, 2010 WL 2943686, at *2 (S.D. Ind. July 21, 2010) (denying leave to supplement with a "second report [that] makes a 180—degree turn from [the expert's] original report"); *C.A. v. AMLI at Riverbend, L.P.*, 2009 WL 10687810, at *3 (S.D. Ind. Sept. 4, 2009) (denying leave to supplement an "incomplete" report to address a new subject matter not found in the original report); *with* *Sitts v. Dairy Farmers of Am., Inc.*, 2020 WL 3467993, at *3 (D. Vt. June 24, 2020) (allowing

supplementation to use the same regression analysis on a corrected set of data); *Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, 2013 WL 4456640, at *4 (D. Conn. Aug. 16, 2013) (finding a report containing new calculations due to an error in the original report supplemental because "the original report was a complete report, but for the mistake in the calculation of the minimum transport velocities"); *Sibley v. Sprint Nextel Corp.*, 2013 WL 1819773, at *4 (D. Kan. Apr. 30, 2013) (permitting supplementation of expert report where party "revised its code[,]" finding "this [is] a technical correction of the sort to be expected given the extraordinarily large data set with which the experts in this case were working"). Dr. Studnicki's report corrects inaccurate information found in the original report and provides an updated analysis to reflect these changes.

However, Dr. Studnicki's report contained another data error.[1] In the original report, Dr. Studnicki compares national abortion figures with the abortions performed in Indiana on Indiana residents. [Dkt. 296 at 6-7.] "Dr. Studnicki [subsequently] determined that the CDC did not disclose abortion data specific to Indiana residents from 1982 through 1996." *Id.* at 7. Instead of correcting the report to reflect the accurate data, Dr. Studnicki "substitute[d] a **different comparison** between national and Indiana abortion data." *Id.* (emphasis added). This moves past simply correcting an error and is instead an attempt to offer a new opinion or analysis under the guise of a supplemental label. Experts may supplement their reports "to correct mistakes and oversights, not to include new examples and illustrations that could have been included in an original expert report." *CTI Sys., S.A. v. Glob. Finishing Solutions., LLC*, 2016 WL 110605, at *5 (W.D. Wis. Jan. 8, 2016) (emphasis in original) (citation omitted); *see also Berkheimer v.*

[1] The Court also notes that the error in the original report has been known since September 23, 2019, prior to the close of discovery.

*Hewlett-Packard Co.*, 2016 WL 3030170, *3 (N.D. Ill. May 25, 2016) (finding the report not supplemental because it contained "new and different opinions and analysis" that provided an alternate theory for damages.); *Allgood*, 2007 WL 647496, at *3 ("the new report is based on research and data that were never presented before." ); *Innogenetics N.V. v. Abbott Laboratories*, 2006 WL 6000791, at *2 (W.D. Wis. Aug. 3, 2006) (same).

Moreover, Rule 26(e) does not allow "unlimited bolstering of expert opinions," and "does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Akeva, LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002); *see also 3M Innovative Properties Co. v. Dupont Dow Elastomers, LLC*, 2005 WL 6007042, *5 (D. Minn. 2005) (Defendant attempted "to use the supplementation requirements of Rule 26(e) to untimely bolster its expert's report by correcting failures of omission caused by the expert's inadequate or incomplete preparation. Such a strategy is not supplementation."). Consequently, Defendants' Motion to Amend/Correct Expert Disclosures is **DENIED** as to this section of the Dr. Studnicki's report. Defendants are permitted to correct/remove the inaccurate abortion data specific to Indiana residents from 1982 through 1996. However, Defendants must remove any reference to the substituted comparison such as the Indiana "Occurrence Rate" found in Table 1.

**B. Timeliness**

Having found all but one section of Dr. Studnicki's supplemental report to be proper supplementation, the Court now turns to Plaintiffs remaining arguments.

First, Plaintiffs argue Dr. Studnicki's supplemental report is untimely. [Dkt. 298 at 7-8.] "[I]t is the party's duty to supplement its expert disclosures when the party learns that something is incorrect with the original report; leave of court is not required." *Doe 1 v. City of Chicago*, 2019 WL 5290899, at *6 (N.D. Ill. Oct. 18, 2019); *see also Wilson v. Sundstrand Corp.*, 2003

WL 22012673, at *7 (N.D. Ill. Aug. 25, 2003) ("Federal Rule of Civil Procedure 26(e)(1) imposes an **obligation** to supplement an expert disclosure if the party learns that in some material respect the information disclosed is incomplete or incorrect. The Rule does not suggest that leave of court is required.") (internal quotation marks and citation omitted) (emphasis in original); *Dr Distributors, LLC v. 21 Century Smoking, Inc.*, 2016 WL 4077107, at *2 (N.D. Ill. Aug. 1, 2016) ("When experts discover that something in their reports or depositions must be changed, experts **must** issue supplements pursuant to Rule 26(e)(2) . . . Here, the parties have approached the problem backwards—defendants have sought permission (which they did not need) to offer a supplemental report (which was their duty) and plaintiffs have opposed that request (rather than file a motion for sanctions pursuant to Rule 37).") (citation omitted) (emphasis in original). "Although the Court is troubled by the fact that Defendants' supplemental report was proffered nearly [twelve months] after the discovery deadline had passed, in the absence of any controlling language in the Case Management Plan, the disclosure is not 'late' according to Rules 26(e)(2) and 26(a)(3)(B)." *Austerman v. Wal-Mart Stores East, LP*, 2015 WL 5287165 (S.D. Ind. Sept. 10, 2015).

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information **must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.**

Fed. R. Civ. P. 26(e)(2) (emphasis added). Since the parties' pretrial disclosures are not yet due, Plaintiffs' argument that Defendants' supplementation is not timely ignores the plain language of the rule and does not find support with the majority of this circuit's caselaw.

**C. Information Not Otherwise Known to the Other Parties**

Plaintiffs next contend that supplementation is not proper since Plaintiffs already are aware that the enactment dates are incorrect. *See* [Dkt. 298 at 4.] ("Plaintiffs have been aware for many months that Dr. Studnicki's expert report was riddled with errors."). Fed. R. Civ. P. 26 states:

> (1) In General. A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Defendants, however, do not seek just to correct or point out the wrong enactment dates in the expert report, but also to provide the corresponding analysis using the correct dates. "The 'additional or corrective information' in Dr. Studnicki's amended report consists of revisions to the 'opinions Dr. Studnicki will express,' 'the basis and reasons for them,' and 'the facts or data [he] considered … in forming them[.]'" [Dkt. 299 at 2.] Simple knowledge that an error exists is not the same as knowledge of the correct information.

Plaintiffs also suggest that supplementation is not proper if the opposing party is the one to spot the error in an expert report. [Dkt. 298 at 4.] Plaintiffs' reading does not find support with the plain reading of the rule; nor does it make logical sense. Plaintiffs' position would result in denying Defendants the ability to use all of the available evidence when presenting its defense simply because Plaintiffs were the first to discover the error. Defendants' mistake does not warrant such a harsh penalty and runs afoul of the preference for deciding cases on their merits. *See Webber v. Eye Corp.*, 721 F.2d 1067, 1071 (7th Cir.1983) ("There is a well-established public policy favoring hearing cases on the merits."); *Beshear v. Weinzapfel*, 474 F.2d 127, 132

(7th Cir.1973) ("[C]ourts have been created for the very purpose of trying cases on their merits."). As such, Plaintiffs' arguments are unavailing.

**D. Prejudice to the Plaintiffs**

Finally, Plaintiffs contend that Defendants' supplementations are not harmless, and Fed. R. Civ. P. 37(c)(1) precludes Defendants from supplementing their report. [Dkt. 298 at 8-9.] However, Plaintiffs are operating under a false presumption. Fed. R. Civ. P. 37(c)(1) is violated "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Defendants have in fact provided information as required by Rule 26(a) and (e). As explained above, supplementations are allowed, and even required, "by the time party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(a)(3)(B). Defendants, while inexplicitly dilatory in their serving of the supplemental report, have provided the required information on time and in compliance with the Federal Rules of Civil Procedure.

There is no question, however, that in light of the supplemental report, Plaintiffs are entitled to depose Dr. Studnicki again, submit a second rebuttal expert report, and, if appropriate, supplement their motion to exclude portions of Dr. Studnicki's testimony.

**III. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Amend/Correct Expert Disclosures is **GRANTED IN PART** and **DENIED IN PART.** [Dkt. 296.] Defendants shall serve a revised supplemental report in compliance with this order no later than **seven (7) days** from the date of this order. By no later than **January 15, 2021**, Plaintiffs may conduct a second deposition of Dr. Studnicki, submit an amended rebuttal expert report, and file a supplemental motion to exclude testimony. Defendants shall have **seven days to respond** to any supplemental motion; Plaintiffs

shall have **three business days to reply**. In light of the March 2, 2021, final pretrial conference, no extension of these deadlines will be granted.

SO ORDERED.

Dated: 3 DEC 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.