**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE; | ) | |
| ALL-OPTIONS, INC.; and JEFFREY | ) | CASE NO. 1:18-cv-1904-SEB-MJD |
| GLAZER, M.D., | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TODD ROKITA, Attorney General of the | ) | |
| State of Indiana, in his official capacity; | ) | |
| KRISTINA BOX, M.D., Commissioner of the | ) | |
| Indiana State Department of Health, in her | ) | |
| official capacity; JOHN STROBEL, M.D., | ) | |
| President of the Medical Licensing Board of | ) | |
| Indiana, in his official capacity; and | ) | |
| KENNETH P. COTTER, St. Joseph County | ) | |
| Prosecutor, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiffs, by and through their undersigned counsel, hereby notify the Court of the following supplemental authorities relevant to the issues presented to the Court during Phase 1 of the trial in this matter.

On April 20, 2021, Indiana enacted Public Law No. 85-2021, 2021 Ind. Acts ___ (attached hereto as Exhibit 1), which took immediate effect. The statute amended Indiana laws concerning telehealth in several respects. It replaced the term "telemedicine" with the term "telehealth" throughout the Indiana Code. *See generally* Pub. L. No. 85-2021, 2021 Ind. Acts ___. In addition, it relaxed Indiana's regulation of telehealth in certain ways, including by authorizing the provision of telehealth services by telephone, Pub. L. No. 85-2021, §§ 4, 16(b), 28, 31, 2021 Ind. Acts ___ (codified at Ind. Code §§ 16-18-2-348.5, 25-1-9.5-6(b), 27-8-34-5, 27-13-1-34); and eliminating

certain restrictions on the prescription of controlled substances by telehealth, Pub. L. No. 85-2021, § 18(b), 2021 Ind. Acts ___ (codified at Ind. Code § 25-1-9.5-8(b)).

Public Law 85-2021 also created two new provisions of law that prohibit abortion providers from delivering abortion care through telehealth, each using the following language: "Telehealth may not be used to provide any abortion, including the writing or filling of a prescription for any purpose that is intended to result in an abortion." Pub. L. No. 85-2021, §§ 5, 8, 2021 Ind. Acts ___ (codified at Ind. Code §§ 16-34-1-11, 25-1-9.5-0.5).

On April 29, 2021, Indiana enacted Public Law No. 218-2021, 2021 Ind. Acts __ (attached hereto as Exhibit 2), which is scheduled to take effect on July 1, 2021. This statute created a third new provision of law that expressly prohibits abortion providers from delivering abortion care through telehealth, stating: "Telehealth and telemedicine may not be used to provide any abortion, including the writing or filling of a prescription for any purpose that is intended to result in an abortion." Pub. L. No. 218-2021, § 4(d), Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(d)). It further imposed an additional, *de facto* ban on the use of telemedicine to deliver abortion care through a provision stating that: "A physician must dispense the abortion inducing drug in person and have the pregnant woman consume the drug in the presence of the physician." Pub. L. No. 218-2021, § 4(a)(1), 2021 Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(a)(1)). For purposes of this requirement, "'in person' does not include the use of telehealth or telemedicine services." Ind. Code § 16-34-2-1(a)(1).

Neither of these newly enacted laws repeals the "Telemedicine Ban," Ind Code § 25-1-9.5-8(a)(4), or "In-Person Examination Requirement," Ind. Code § 16-34-2-1(a)(1), challenged in this case. The Telemedicine Ban expressly prohibits licensed medical practitioners from using telehealth to prescribe "an abortion inducing drug." Ind. Code § 25-1-9.5-8(a)(4). The In-Person

Examination Requirement serves as a *de facto* ban on using telehealth to deliver abortion care by requiring a physician to conduct an "in-person" examination "before prescribing or dispensing an abortion-inducing drug." Ind. Code § 16-34-2-1(a)(1). Even though the impact of the newly enacted telehealth bans is identical to that of the Telemedicine Ban and In-Person Examination Requirement, the original laws remain in full force and effect, and Plaintiffs claims against them continue to present an active case or controversy.

The newly enacted bans on using telehealth to deliver abortion care are being challenged in this District by a group of plaintiffs that includes Whole Woman's Health Alliance and All-Options, Inc., plaintiffs in this case. That case is captioned *All-Options, Inc. v. Attorney General of Indiana*, No. 1:21-cv-1231-JPH-MJD. The plaintiffs filed their Complaint (ECF No. 1) on May 18, 2021, together with a Notice of Related Action (ECF No. 9), notifying the Court of the identity of factual and legal issues between that case and this one. The case was nevertheless assigned to Judge Hanlon. The plaintiffs in the second case have filed a Motion for a Preliminary Injunction (ECF No. 5) against enforcement of the newly enacted telehealth bans as well as another provision of Public Law No. 218-2021 that imposes an additional mandatory disclosure requirement on abortion providers. On May 26, 2021, Judge Hanlon issued an Order (ECF No. 41) stating that the Court would defer ruling on the newly enacted telehealth bans "until Judge Barker issues a decision in *Whole Woman's Health Alliance v. Rokita*, 1:18-CV-1904-SEB-MJ[D]," and directing the parties to "inform the Court when a decision has been rendered in Case No. 1:18-CV-1904 and whether supplemental briefing . . . is appropriate."

Dated: June 7, 2021

Respectfully submitted,

*/s/ Dipti Singh*
Dipti Singh
dsingh@lawyeringproject.org
LAWYERING PROJECT
3371 Glendale Blvd., No. 320
Los Angeles, CA 90039
(646) 480-8973

Rupali Sharma
LAWYERING PROJECT
197 Pine St. No. 23
Portland, ME 04102
(908) 930-6645
rsharma@lawyeringproject.org

Juanluis Rodriguez*
prodriguez@lawyeringproject.org
Sneha Shah*
sshah@lawyeringproject.org
Stephanie Toti
stoti@lawyeringproject.org
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
(646) 490-1083

Melissa Shube*
mshube@lawyeringproject.org
LAWYERING PROJECT
712 H St. NE, Suite 1616
Washington, D.C. 20002
(646) 480-8942

Kathrine D. Jack
kjack@jacklawoffice.com
JACK LAW OFFICE LLC
One Courthouse Plaza
P.O. Box 813
Greenfield, IN 46140
(317) 477-2300

Lara Flath*
lara.flath@probonolaw.com
Mollie M. Kornreich*
mollie.kornreich@probonolaw.com
Michael M. Powell*
michael.powell@probonolaw.com
Athanasia Charmani*
thania.charmani@probonolaw.com
One Manhattan West
New York, New York 10001
(212) 735-3000

Amy Van Gelder
amy.vangelder@probonolaw.com
155 N. Wacker Dr., Ste. 2700
Chicago, IL 60606
(312) 827-9379

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 7, 2021, a true and correct copy of the foregoing document

was served on all counsel of record via the Court's Electronic Court Filing ("ECF") system.


Dated: June 7, 2021


                                            */s/ Dipti Singh*
                                            Dipti Singh