UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:18-cv-01904-SEB-MJD<br>) |
| TODD ROKITA, et al. | )<br>) |
| Defendants. | ) |

**ORDER DENYING MOTION TO STAY PENDING APPEAL**

In this litigation, Plaintiffs challenged the constitutionality of twenty-one separate sections of Indiana's wide-ranging statutory regime to regulate abortion. On August 10, 2021, following seven days of a bifurcated virtual and in-person bench trial, we issued our findings of fact and conclusions of law in a 158-page decision and entered a permanent injunction as to the enforcement of certain statutes/regulations.[1] Based on our comprehensive review and careful consideration of all the evidence presented at trial, we upheld the constitutionality of a number of the challenged statutes, but determined that the following laws are unconstitutional, which warrants permanently enjoining their enforcement: (1) the "Physician-Only Law," Ind. Code § 16-34-2-1(a)(1)(A), as applied to medication abortion; (2) the "Second-Trimester Hospitalization Requirement," Ind. Code § 16-34-2-1(a)(2)(B); (3) the "In-Person Counseling Requirement," Ind. Code § 16-

---

[1] An Amended Partial Final Judgment was entered on August 19, 2021, nunc pro tunc to August 10, 2021, reflecting the Rule 54(b) finding of "no just reason for delay" in the entry of judgment.

1

34-2-1.1(a)(1), (a)(4), (b); (4) the "Telemedicine Ban," Ind. Code § 25-1-9.5-8(a)(4); (5) the "In-Person Examination Requirement," Ind. Code § 16-34-2-1(a)(1); (6) "Facility Regulations" concerning the size of procedure rooms and hallways, and the type and location of sinks, 410 Ind. Admin. Code 26-17-2(d)(1)(A), (d)(4), (e)(5); 410 Ind. Admin. Code § 26.5-17-2(e)(1); and (7) "Mandatory Disclosure Requirements" concerning when life begins, fetal pain, and mental health, Ind. Code § 16-34-2-1.1(a)(1)(E), (a)(1)(G), (b)(2).

On August 11, 2021, the day after we issued our order, Defendants (collectively, "the State") filed a notice of appeal, together with a motion to stay the injunction against the enforcement of the first five laws identified above, pending a disposition of the State's appeal by the Seventh Circuit Court of Appeals [Dkt. 430]. (The State has not sought a stay of the remaining two statutes enjoined by the Court.) Plaintiffs filed a response in opposition to a stay on August 16, 2021, and the State replied on August 17, 2021. The State's request for a stay is now before the Court. For the reasons detailed below, the motion is DENIED.

## Applicable Legal Standard

The grant of a motion to stay is an exercise of judicial discretion and it is the moving party's burden to demonstrate that a stay is warranted. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In deciding whether to grant a motion to stay pending appeal, the Court considers: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Id.* (quotation marks and citation omitted). The first two factors "are the most critical" in this determination. *Id.*

## Discussion

### I.     Likelihood of Success on the Merits

The thrust of the State's reasoning in support of a finding that it has a likelihood of success on the merits of its appeal as to the Physician-Only Law, the Second-Trimester Hospitalization Requirement, the In-Person Counseling Requirement, the Telemedicine Ban, and the In-Person Examination Requirement is that the Court misapplied, or, in some cases, outright ignored longstanding Supreme Court and Seventh Circuit precedent in the area of abortion regulation, resulting in a decision contrary to law that is likely to be overturned by the Seventh Circuit Court of Appeals. For the following reasons, we find this characterization unfounded and argument unpersuasive.

We note, first, that even a cursory reading of our findings of fact and conclusions of law makes clear that the cases cited by the State in its motion to stay were far from ignored by the Court. To the contrary, we carefully analyzed and distinguished and applied each of those precedents based on the factual record before us. Factual distinctions are of significant importance in the abortion context, given that the web of the legal standards as spun by the Supreme Court and our circuit over many decades of interpreting and applying abortion laws is complex and often opaque. The jurisprudence of abortion regulation consists of a multi-layered patchwork of decisions explicating and applying the undue burden standard, which always turns on a highly fact dependent

inquiry and analysis. *See, e.g.*, *Whole Woman's Health All. v. Hill*, 937 F.3d 864, 876 (7th Cir. 2019) ("[T]he undue-burden inquiry requires a holistic, rigorous, and independent judicial examination of the facts of a case to determine whether the burdens are undue in light of the benefits the state is permitted to pursue.").

Here, the State's merits-based arguments in support of its requested stay rely heavily on its own, continuing interpretation of the factual record and the credibility of the witnesses, which in many instances differs widely from the credibility determinations and factual findings actually reached by the Court. This approach is not available to the State in seeking a stay of judgment because, on appeal following a bench trial, the district court's findings of fact "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). As thoroughly explained in our findings of fact and conclusions of law, based on the facts as found by the Court as viewed through the lens of the relevant legal precedents, the arguments advanced here by the State reflect no small amount of wishful thinking. Given the highly fact-sensitive nature of the undue burden calculus, and the high level of deference to be accorded to the Court's fact finding and credibility determinations on appeal, we are not persuaded that the State, which has relied heavily on its own take on the facts and credibility assessments, has established the required strong likelihood showing that it would prevail on appeal.

## II.     Irreparable Injury Absent a Stay

The State argues that it will be seriously harmed if it is enjoined during its appeal "from enforcing constitutional statutes designed to protect Indiana women and that show

its 'profound respect to life within.'" Defs.' Br. at 14 (quoting *Gonzalez v. Carhart*, 550 U.S. 124, 157 (2007)). According to the State, in addition to the harm that flows from the inability to enforce these duly-enacted state laws, the Court's injunction "threatens to rip apart a carefully woven safety net that protects women—particularly the most vulnerable—from coercive, uninformed, and unsafe abortions provided by indeterminate, unqualified personnel." *Id.* at 16. There is no dispute that the State has significant interests in enforcing duly-enacted constitutional state laws aimed at protecting all its citizens. However, it is well-established that the government does not suffer harm when it is prevented from enforcing unconstitutional statutes, as we have determined these to be. *Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 620 (7th Cir. 2004).

More importantly, and contrary to the State's characterization of the evidence, we determined, based on the extensive factual record compiled at trial, that the enjoined laws in fact provide very few significant health or safety benefits to abortion patients, particularly when compared to the burdens they impose. Nothing the State has raised in its motion to stay alters our careful analysis of and conclusions in performing that balancing task respecting those issues. Thus, we do not find the State's claim regarding the alleged extreme risk to Indiana women's health posed by our decision and the "negative cascading effects" of the Court's injunction absent a stay to be supported by the credible evidence adduced at trial.

### III. Substantial Injury if Stay Granted

Contrary to the alleged risks to women's health, as we also explained in our findings of fact and conclusions of law, the record demonstrates that each of the

invalidated laws places substantial obstacles in the path of women seeking pre-viability abortions in Indiana; again, nothing in the State's motion to stay persuades us otherwise. Thus, if a stay were granted, and the State were permitted to continue enforcing such statutes throughout the pendency of the appeal, Plaintiffs and abortion patients throughout Indiana would suffer the significant and irreparable harm of having their constitutional rights unduly burdened until the appeal is resolved. It is well-settled law that "[t]he existence of a continuing constitutional violation constitutes proof of an irreparable harm …." *Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978); *accord Doe v. Mundy*, 514 F.2d 1179, 1183 (7th Cir. 1975) (holding that violation of abortion rights constitutes irreparable harm). The fact that Plaintiffs did not initially seek a sweeping preliminary injunction to enjoin each of the challenged statutes at the outset of this litigation does not alter our analysis. Accordingly, this factor also weighs against the issuance of a stay pending appeal.

### IV.  Public Interest

It is well-established that "[e]nforcing a constitutional right is in the public interest." *Whole Woman's Health All.*, 937 F.3d at 875; *accord Preston*, 589 F.2d at 303 n.3 ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest."). Accordingly, because (as discussed above) we have found that the State has failed to make the requisite showing regarding the likelihood of the success of their appeal, we hold that the public interest is best served by the denial of the State's request for a stay of the injunction pending appeal.

## **Conclusion**

For the foregoing reasons, Defendants' motion for a stay pending appeal of our August 10, 2021 decision, including our findings of fact and conclusions of law on Plaintiffs' motion for permanent injunctive relief, is <u>DENIED</u>.

IT IS SO ORDERED.

Date: _____8/19/2021_____         _____*Sarah Evans Barker*_____

                                                                                     SARAH EVANS BARKER, JUDGE
                                                                                     United States District Court
                                                                                     Southern District of Indiana

Distribution:

Amanda Lauren Allen
LAWYERING PROJECT
aallen@lawyeringproject.org

Christopher Michael Anderson
INDIANA ATTORNEY GENERAL
christopher.anderson@atg.in.gov

H. Christopher Bartolomucci
SCHAERR &#124; JAFFE LLP
cbartolomucci@schaerr-jaffe.com

Athanasia Charmani
thania.charmani@probonolaw.com

Paul M. Eckles
paul.eckles@probonolaw.com

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Lara Flath
lara.flath@skadden.com

Scott David Goodwin
SCHAERR JAFFE LLP
sgoodwin@schaerr-jaffe.com

James A. Heilpern
SCHAERR JAFFE LLP
jheilpern@schaerr-jaffe.com

Michelle Honor
ATTORNEY AT LAW
michelle.honor@skadden.com

Kian J. Hudson
INDIANA ATTORNEY GENERAL
kian.hudson@atg.in.gov

Kathrine D. Jack
LAW OFFICE OF KATHRINE JACK
kjack@jacklawoffice.com

Erik S. Jaffe
SCHAERR JAFFE LLP
ejaffe@schaerr-jaffe.com

Mollie M. Kornreich
mollie.kornreich@probonolaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Derek R. Molter
ICE MILLER LLP (Indianapolis)
derek.molter@icemiller.com

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Morgan Petkovich
ATTORNEY AT LAW
One Manhattan West
New York, NY 10001-8602

Michael M. Powell
ATTORNEY AT LAW
michael.powell@probonolaw.com

Joshua J. Prince
SCHAERR JAFFE LLP
jprince@schaerr-jaffe.com

Juanluis Rodriguez
LAWYERING PROJECT
prodriguez@lawyeringproject.org

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Kathrine D. Jack
LAW OFFICE OF KATHRINE JACK
kjack@jacklawoffice.com

Erik S. Jaffe
SCHAERR JAFFE LLP
ejaffe@schaerr-jaffe.com

Mollie M. Kornreich
mollie.kornreich@probonolaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Derek R. Molter
ICE MILLER LLP (Indianapolis)
derek.molter@icemiller.com

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Morgan Petkovich
ATTORNEY AT LAW
One Manhattan West
New York, NY 10001-8602

Michael M. Powell
ATTORNEY AT LAW
michael.powell@probonolaw.com

Joshua J. Prince
SCHAERR JAFFE LLP
jprince@schaerr-jaffe.com

Juanluis Rodriguez
LAWYERING PROJECT
prodriguez@lawyeringproject.org

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Gene C. Schaerr
SCHAERR JAFFE LLP
gschaerr@schaerr-jaffe.com

Sneha Shah
LAWYERING PROJECT
sshah@lawyeringproject.org

Rupali Sharma
LAWYERING PROJECT
rsharma@lawyeringproject.org

Melissa C. Shube
LAWYERING PROJECT
mshube@lawyeringproject.org

Erin A. Simmons
ATTORNEY AT LAW
erin.simmons@probonolaw.com

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Stephanie Toti
LAWYERING PROJECT
stoti@lawyeringproject.org

Amy Van Gelder
LAW FIRM
amy.vangelder@probonolaw.com