UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 1:18-cv-01904-SEB-MJD<br>) |
| TODD ROKITA, et al. | )<br>) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

As oft-recounted, Plaintiffs have challenged in this litigation the constitutionality of twenty-one separate sections of Indiana's wide-ranging statutory regime to regulate abortion. On August 10, 2021, following seven days of a bifurcated virtual and in-person bench trial, we issued our findings of fact and conclusions of law in a 158-page decision and entered a permanent injunction as to the enforcement of certain statutes/regulations.[1] Based on our comprehensive review and careful consideration of all the evidence presented at trial, we upheld the constitutionality of a number of the challenged statutes, but determined that the following laws are unconstitutional, which conclusion warrants an order permanently enjoining their enforcement: (1) the "Physician-Only Law," Ind. Code § 16-34-2-1(a)(1)(A), as applied to medication abortion; (2) the "Second-Trimester Hospitalization Requirement," Ind. Code § 16-34-2-1(a)(2)(B); (3) the "In-Person

---

[1] An Amended Partial Final Judgment was entered on August 19, 2021, *nunc pro tunc* to August 10, 2021, reflecting the Rule 54(b) finding of "no just reason for delay" in the entry of judgment.

1

Counseling Requirement," Ind. Code § 16-34-2-1.1(a)(1), (a)(4), (b); (4) the "Telemedicine Ban," Ind. Code § 25-1-9.5-8(a)(4); (5) the "In-Person Examination Requirement," Ind. Code § 16-34-2-1(a)(1); (6) "Facility Regulations" concerning the size of procedure rooms and hallways, and the type and location of sinks, 410 Ind. Admin. Code 26-17-2(d)(1)(A), (d)(4), (e)(5); 410 Ind. Admin. Code § 26.5-17-2(e)(1); and (7) "Mandatory Disclosure Requirements" concerning when life begins, fetal pain, and mental health, Ind. Code § 16-34-2-1.1(a)(1)(E), (a)(1)(G), (b)(2).

Now before the Court is Plaintiffs' Motion to Alter or Amend Judgment [Dkt. 444], filed on September 3, 2021, pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Plaintiffs seek our reconsideration of their challenge to Indiana's Ultrasound Requirement "[t]o the extent the Court's determination that the Ultrasound Requirement passes constitutional muster was predicated on a lack of authority to address the timing provision …." Dkt. 444 at 1.  Defendants oppose Plaintiffs' motion on grounds that it "represents both a continued refusal to accept this Court's prior holdings on the constitutionality of the ultrasound requirement and an attempt to change [their] litigation strategy by adding a new claim post-trial because it is unhappy with this Court's judgment." Dkt. 446 at 1.  For the reasons detailed below, we share Defendants' view that there exists no legal or factual basis to alter or amend the judgment; we therefore DENY Plaintiffs' motion.

## Background

In their June 21, 2018 Complaint, Plaintiffs challenged Indiana's "ultrasound requirement codified at Ind. Code § 16-34-2-1.1(a)(5), to the extent it requires providers

2

to perform, and patients to undergo, often redundant and medically unnecessary ultrasound examinations," Compl. ¶ 130(c), and further requested that the Court enjoin "any challenged mandatory disclosure or waiting period law or portion thereof that is unconstitutional." *Id.* at 41 (Request for Relief 1(j)). The Complaint characterized the Ultrasound Requirement as a mandatory disclosure and waiting period law in that it mandates performance of the required ultrasound exam at least eighteen hours prior to an abortion. At the time Plaintiffs' complaint was filed, however, the timing provision had been preliminarily enjoined in a separate ruling in a companion case by our colleague, the Honorable Tanya Walton Pratt. *See Planned Parenthood of Ind. & Ky. Inc. v. Comm'r Ind. State Dep't of Health*, 273 F. Supp. 3d 1014, 1043 (S.D. Ind. 2017), *aff'd* 896 F.3d 809 (7th Cir. 2018), *cert. granted sub nom.*, *judgment vacated by Box v. Planned Parenthood of Ind. & Ky., Inc.*, 141 S. Ct. 184 (2020) (Mem.); Compl. ¶ 130(d) n. 46. Citing that determination, Plaintiffs made clear in their complaint before us that the timing provision "is not challenged here." Compl. at 28 n.46.

Following an affirmance by the Seventh Circuit of Judge Pratt's preliminary injunction in *Planned Parenthood*, the Supreme Court on July 2, 2020, vacated the Seventh Circuit's decision and remanded the case for reconsideration by the Court of Appeals in light of the Supreme Court's decision in *June Medical Services LLC v. Russo*, 140 S. Ct. 2103 (2020). On remand, the parties entered into the following stipulation on August 22, 2020: "The factual circumstances that have occurred in the more than three years since the district court entered its preliminary injunction are significantly different and, in recognition of this, the parties … agree[] that the preliminary injunction should

3

continue until January 1, 2021, at which point the injunction should be vacated and the case dismissed." Joint Circuit Rule 54 Statement ¶ 5, *Planned Parenthood of Ind. & Ky. v. Comm'r, Ind. State Dep't of Health*, No. 17-1883 (7th Cir. Filed Aug. 22, 2020), Dkt. 76-1.

Accordingly, the enforcement of the eighteen-hour requirement remained enjoined as of October 2020 when we ruled on Defendants' summary judgment motion. At summary judgment, Plaintiffs specifically declined to address the ultrasound waiting period because it "ha[d] been preliminarily enjoined." Dkt. 234 at 32 n.12. Considering the extent of the burden imposed by the Ultrasound Requirement absent the eighteen-hour delay, we ruled in favor of Defendants as to Plaintiffs' substantive due process challenge, but denied summary judgment as to Plaintiffs' equal protection challenge. On November 2, 2020, Plaintiffs filed a motion seeking clarification of certain aspects of our summary judgment order, but did not include any reference to the ultrasound waiting period in that motion.

On January 26, 2021, we granted Plaintiffs' motion for clarification and ordered them "to file an Amended Statement of Claims clearly delineating the *specific* portion(s) of the statutory and regulatory provisions they will challenge at trial as well as a brief summarization of the theories of relief for each challenge." Dkt. 331 at 13 (emphasis in original). By this point, the preliminary injunction in Judge Pratt's case had been lifted. Yet, when Plaintiffs filed their amended statement of claims on February 5, 2021, they included their challenge to the Ultrasound Requirement generally, but made no specific mention of the eighteen-hour waiting period.

4

Plaintiffs' challenge to the constitutionality of the Ultrasound Requirement was tried in Phase I of the bench trial. In their Phase I trial brief, Plaintiffs argued that the Ultrasound Requirement was duplicative and medically unnecessary but did not assert that it was unconstitutional because of the eighteen-hour waiting period. At the final pretrial conference before Phase I, Plaintiffs' counsel specifically stated that "[t]he 18-hour aspect [of the Ultrasound Requirement] is not part of the lawsuit." Dkt. 366 at 12. The Court thereafter reiterated on the record without objection from the parties that "the 18-hour requirement is not part of this lawsuit." *Id.* at 13. Given this position, neither party presented evidence on the ultrasound waiting period or otherwise addressed that issue through any witness testimony during either Phase I or Phase II of the trial.

On August 10, 2021, following the conclusion of the bifurcated bench trial, we issued our findings of fact and conclusions of law, holding in relevant part that we "[l]ack[ed] authority to address the constitutionality of the eighteen-hour requirement" because "that requirement is not directly challenged here." Dkt. 425 at 52–53, n.36. On September 3, 2021, Plaintiffs filed the instant motion seeking reconsideration of this conclusion.

**Legal Standard**

A motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). It does not, however, "provide a vehicle for a party to undo its own

5

procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* Moreover, a Rule 59(e) motion "may not be used to raise novel legal theories that a party had the ability to address in the first instance." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), or "'to complete presenting [a party's] case' to the district court," *First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009) (quoting *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996)).

## **Discussion**

It is axiomatic that a plaintiff must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). Here, as Defendants emphasize, Plaintiffs not only failed to provide the State (and the Court, for that matter) notice of their intent to challenge the ultrasound waiting period, Plaintiffs on several occasions expressly disclaimed any plan to include that challenge in their trial. Both the State and the Court took Plaintiffs at their word when they affirmatively stated that the eighteen-hour requirement *was not part of this lawsuit*. Accordingly, the State has been deprived of any opportunity to call expert witnesses to testify in defense of the ultrasound waiting period. Neither was the State put on notice to prepare to cross-examine Plaintiffs' witnesses on the issue. To permit Plaintiffs to resurrect this legal challenge following the entry of judgment would significantly prejudice the State. Because it "is immediately apparent … from the record" that Plaintiffs "did not articulate" until after judgment their

6

claim that the eighteen-hour ultrasound waiting period is unconstitutional, (*see LB Credit Corp. v. Resol. Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)), despite several opportunities prior to trial to clarify the scope of their legal challenge to the statute, Rule 59(e) affords no relief to Plaintiffs. *See id.* ("[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment….").

The Supreme Court's decisions in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010) and *Ayotte v. Planned Parenthood of Northern New England*, 546 U.S. 320 (2006), cited by Plaintiffs in support of their motion, do not alter our conclusion. As the State argues, these cases hold that a court may grant facial relief when as-applied relief is requested, and vice versa, but they do not eliminate the requirement of fair notice nor do they authorize plaintiffs to add claims to their lawsuit post-judgment. Here, Plaintiffs' complaint expressly disclaims any challenge to the timing of the ultrasound requirement, a position consistently and repeatedly reaffirmed by them throughout this litigation. The abrupt about-face which they are attempting to take here, after judgment has been entered, clearly exceeds the scope of the relief previously requested. Plaintiffs' consistent position in this litigation is to challenge the facial constitutionality of the ultrasound requirement prior to an abortion. They now seek to amend their challenge, arguing that the requirement that the ultrasound be performed *eighteen hours before the procedure* is what renders the statute facially unconstitutional. This is a fundamentally new and different claim, and one which Plaintiffs heretofore expressly represented they were not pursuing in this litigation. As such, the Supreme

Court's holdings in *Citizens United* and *Ayotte* are inapposite and do not compel a result other than the one we have reached here in response to Plaintiffs' Rule 59(e) motion.

Accordingly, for the reasons detailed above, Plaintiffs' Rule 59(e) motion [Dkt. 444] is <u>DENIED</u>.

IT IS SO ORDERED.

Date: 11/18/2021

*signature: Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amanda Lauren Allen
LAWYERING PROJECT
aallen@lawyeringproject.org

Christopher Michael Anderson
INDIANA ATTORNEY GENERAL
christopher.anderson@atg.in.gov

H. Christopher Bartolomucci
SCHAERR &#124; JAFFE LLP
cbartolomucci@schaerr-jaffe.com

Athanasia Charmani
thania.charmani@probonolaw.com

Paul M. Eckles
paul.eckles@probonolaw.com

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Lara Flath
lara.flath@skadden.com

Scott David Goodwin
SCHAERR JAFFE LLP
sgoodwin@schaerr-jaffe.com

James A. Heilpern
SCHAERR JAFFE LLP
jheilpern@schaerr-jaffe.com

Michelle Honor
ATTORNEY AT LAW
michelle.honor@skadden.com

Kian J. Hudson
INDIANA ATTORNEY GENERAL
kian.hudson@atg.in.gov

Kathrine D. Jack
LAW OFFICE OF KATHRINE JACK
kjack@jacklawoffice.com

Erik S. Jaffe
SCHAERR JAFFE LLP
ejaffe@schaerr-jaffe.com

Mollie M. Kornreich
mollie.kornreich@probonolaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Morgan Petkovich
ATTORNEY AT LAW
One Manhattan West
New York, NY 10001-8602

Michael M. Powell
ATTORNEY AT LAW
michael.powell@probonolaw.com

Joshua J. Prince
SCHAERR JAFFE LLP
jprince@schaerr-jaffe.com

Juanluis Rodriguez
LAWYERING PROJECT
prodriguez@lawyeringproject.org

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Gene C. Schaerr
SCHAERR JAFFE LLP
gschaerr@schaerr-jaffe.com

Sneha Shah
LAWYERING PROJECT
sshah@lawyeringproject.org

Rupali Sharma
LAWYERING PROJECT
rsharma@lawyeringproject.org

Melissa C. Shube
LAWYERING PROJECT
mshube@lawyeringproject.org

Erin A. Simmons
ATTORNEY AT LAW
erin.simmons@probonolaw.com

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Stephanie Toti
LAWYERING PROJECT
stoti@lawyeringproject.org

Amy Van Gelder
LAW FIRM
amy.vangelder@probonolaw.com